| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **460-2023-00404** |

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Monica Peters-Clark, Ph.D. | (225) 235-7454 | 12/31/1971 |

Street Address: 301 Saddle Ridge Drive, Lufkin, TX 75904

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Angelina College | 200+ | (936) 633-5210 |

Street Address: 3500 South First Street, Lufkin, TX 75901

*RECEIVED 11 OCT 2022 Houston District Office US EEOC*

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 2/28/22   Latest: 4/18/22
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a 50-year-old, African American/black female.

On or about February 28, 2022, I applied for the "Executive Director of Institutional Effectiveness" position at Angelina College. This was a new position created by Angelina College. Angelina College posted the position on or about February 18, 2022.

I was well qualified for the position as I had previously served in positions responsible for Institutional Effectiveness at Angelina College from approximately 2006 to November 2016. The exact title of my position varied somewhat over those years. In November 2016, Angelina College President Michael Simon, Ed.D. (white male) reassigned me to the position of "Coordinator of Quality Enhancement and Innovative Projects."

In 2017, my position was "eliminated" and a new position was created out of my old position. Angelina College then hired a white female to fill that position. I filed an EEOC Charge against Angelina College and ultimately a federal lawsuit against Angelina College and President Simon over these actions. *See Peters-Clark v. Angelina College, Michael Simon, and Cynthia Casparis*, No. 9:20-CV-00031-MJT-ZJH (E.D. Tex. – Lufkin).

During the lawsuit, I represented myself *pro se*. The lawsuit was dismissed at the summary judgment stage on or about March 10, 2022.

Going back to the "Executive Director of Institutional Effectiveness" position, Angelina College closed the position to new applicants on March 4, 2022.

The next Tuesday, March 7, 2022, I contacted Angelina College Human Resources regarding the position and asked when the screening and interview process was going to begin. I was told "before spring break." Angelina College's spring break began on March 11, 2022.

I have since learned that by the time I contacted HR on March 7, 2022, three candidates had already been interviewed (2 candidates on March 2, 2022, and 1 candidate on March 4, 2022). In other words, HR's statement that the process was going to begin "before spring break" was misleading if not an outright falsehood.

On March 9, 2022, I was contacted by HR and asked to interview for the position that morning. In my experience in higher education, barring truly exceptional circumstances it is highly unusual to ask a candidate for a senior-level position to interview for a position with no prior notice. Wanting the position, however, I explained to HR that I could interview that afternoon. I had meetings at my current job that morning, which I explained to HR. HR eventually scheduled my interview for March 10, 2022.

On March 10, 2022, I had a video-conference interview with members of the screening committee. I was shocked to see Dr. Simon on the interview committee. It is highly unusual for a College President to serve on a screening committee for any position because the President is who accepts the screening committee's recommendations and makes the ultimate decision. Even more strange, not only was Dr. Simon on the committee, but he was also chairing the committee.

Moreover, many of the members of the screening committee had nothing to do with "Institutional Effectiveness."

I nevertheless proceeded with the interview and hoped for the best.

The next day, I saw Winifred Adams, who is the Dean of Health Careers at Angelina College. Ms. Adams told me that she had spoken with Dr. Sandra Brannan, the Director of Nursing and a member of the screening committee, about a week prior—*i.e.*, before my interview on March 10, 2022. Dr. Brannan made the comment to Ms. Adams that they were interviewing applicants and that "I don't even know why this one person applied because they were fired because of plagiarism." Dr. Brannan confirmed that I was the applicant that she was referring to. Dr. Brannan also told Ms. Adams that there was a discussion among the screening committee about whether to even interview me at all.

To be clear, I have never been fired because of plagiarism or anything of the sort. Further, Dr. Brannan was not even employed at Angelina College when I worked there so she had to have gotten that information from someone else on the screening committee.

Ms. Adams also told me that Jennifer Baldauf—currently the Director of Dual Credit—told her (Ms. Adams) that Sarah Simon, President Simon's wife, made the comment before the search even began that Dr. Simon was going to hire her friend, a woman white named Joy Row from Temple College for the position.

After several weeks, I heard nothing about the position or my interview, so I sent several emails to HR on April 5, 2022, and April 12, 2022, with no response.

On April 15, 2022, I received an email stating that I was not selected for the position.

I have since learned that Joy Row actually accepted the position on or about March 12, 2022—two days after my interview—and began work at Angelina College on or about March 28, 2022. Accordingly, HR knew prior to my April 5, 2022 email that I had not been selected for the position, but waited over 10 days to tell me.

RECEIVED 11 OCT 2022 Houston District Office US EEOC

On April 18, 2022, Angelina College announced at its Board Meeting that Joy Row had been hired for the position.

Prior to being hired, Ms. Row held the title of "Senior Data Analyst" in Temple College's Office of Office of Institutional Effectiveness, Research, and Planning. I had been working in Institutional Effectiveness for over 10 years at Angelina College. Ms. Row also only has a master's degree, whereas I have a doctoral degree. I was clearly better qualified for the position than Ms. Row.

I subsequently filed a complaint with Angelina College regarding my non-selection for the position as well as Angelina College not following procedures and engaging in discriminatory hiring practices.

During Angelina College's internal investigation, two female members of the screening committee were interviewed by HR. One stated that she did not make the statement about me being fired for plagiarism. Curiously, the other female claimed that she "could not recall" making the statement.

To my knowledge since Dr. Patricia McKenzie (African-American female) retired in 2016, Angelina College has hired no women of color to any executive level—*i.e.*, Vice-President or Executive Director positions. Many qualified women of color have applied for executive positions, yet in over 6 years none have been hired.

In short, I am a member of a protected class—African American; I was qualified for the position; I was not selected for the position despite being clearly qualified; and a white applicant was selected with less qualifications. That is a *prima facie* case of race discrimination under Title VII and Chapter 21 of the Texas Labor Code.

Further, I believe that my prior EEOC Charge and federal lawsuit played a role in my non-selection for the position. My lawsuit was still ongoing at the time of my application, and it was obvious from the comment that I was allegedly "fired for plagiarism" that the screening committee, chaired by Dr. Simon, held a bias against me.

I believe I was discriminated against based on race in violation of the Title VII and Chapter 21 of the Texas Labor Code. I also believe that I was unlawfully retaliated against in violation of Title VII and Chapter 21 of the Texas Labor Code for filing a prior EEOC/TWCCRD Charge and lawsuit against Angelina College and Dr. Simon. I want this charge filed with all pertinent entities.

*[Stamp: RECEIVED 11 OCT 2022 Houston District Office US EEOC]*

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements<br>*[Notary signature: Melanie Arnold]*<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT<br>*[Signature]* |
| 10/11/22<br>Date     Charging Party Signature *[Signature]* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 10-11-22 | MELANIE ARNOLD<br>Notary Public, State of Texas<br>Comm. Expires 01-07-2024<br>Notary ID 12605726-5 |