IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MONICA Y PETERS-CLARK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:23-CV-100-MJT |
| | § | |
| ANGELINA COLLEGE | § | |
| | § | |
| *Defendant*. | § | |

**REPORT AND RECOMMENDATION ON DEFENDANT**
**ANGELINA COLLEGE'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS (Doc. #3)**

Pursuant to 28 U.S.C. §636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred to the undersigned magistrate judge for consideration and disposition Defendant Angelina College's Rule 12(b)(6) Partial Motion to Dismiss. (Docs. #3, #17.) After review, the undersigned recommends granting in part and denying in part the motion.

**I.      Background**

A.   Factual Background

According to her Complaint, Plaintiff is an African American woman who worked for Defendant Angelina College from 2006 to 2017. (Doc. #1 at 3.) She served in various positions responsible for "Institutional Effectiveness" until approximately November 2016 when she was reassigned to the position of "Coordinator of Quality Enhancement and Innovative Projects" by Defendant's President, Dr. Michael Simon. (*Id.*) The Complaint alleges that Simon is white. (*Id.*) In 2017, Plaintiff's new position was allegedly "eliminated", and Defendant created a "new" position to fill the same roll. (*Id.*) Defendant then hired a white female to fill that position, and Plaintiff filed an EEOC Charge and a lawsuit against Defendant. (*Id.* at 1-2.)

The instant lawsuit, however, focuses on a job listing for the "Executive Director of Institutional Effectiveness" ("the position") which Defendant posted on or about February 18, 2022. (*Id.* at 3.) Though the Complaint does not allege exactly when, Plaintiff apparently applied to the position sometime before the listing was closed on March 4, 2022. (*Id.* at 4.) On March 7, 2022, Plaintiff called Defendant's Human Resources Department to inquire about when screening and interviews would take place for the position. (*Id.*) Human Resources answered that the process would start before Spring Break began on March 11, 2022. (*Id.*) As alleged in the Complaint, three interviews had already been conducted. (*Id.*) On March 9, Human Resources contacted Plaintiff to set up an interview for the position, which was set for March 10, 2022. (*Id.*) That day, Plaintiff had a video conference with members of the screening committee. (*Id.*) According to the Complaint, Dr. Simon was on the screening conference, which was allegedly unusual for a college president. (*Id.* at 5.) Plaintiff also alleges that many of the other screening conference participants "had nothing to do" with the position. (*Id.*)

On March 11, 2022, Plaintiff spoke with Winifred Adams, Dean of Health Careers. Allegedly, Ms. Adams had spoken the week prior with Dr. Sandra Brannan, the Director of Nursing, who participated in the screening process for the position. (*Id.*) Dr. Brannan made a comment that "I don't even know why this one person applied because they were fired because of plagiarism." (*Id.*) Dr. Brannan confirmed she was referring to Plaintiff. (*Id.*) Additionally, Dr. Brannan allegedly told Ms. Winifred that the committee debated whether they should have even extended an interview to Plaintiff. (*Id.*) Plaintiff contends that she was never fired for plagiarism. (*Id.*) According to the Complaint, Ms. Adams also told Plaintiff that Jennifer Baldauf, then Director of Dual Credit, had reported that Dr. Simon's wife (an employee of Defendant) said

Dr. Simon had planned on hiring her white female friend Joy Row for the position before an official search even began. (*Id.* at 5-6.)

After not hearing anything from Defendant about the position, Plaintiff alleges she twice sent emails to Human Resources on April 5, 2022, and April 12, 2022, respectively. (*Id.* at 6.) On April 15, 2022, Human Resources replied to Plaintiff, informing her she was not selected for the position. (*Id.*) Joy Row had allegedly received an offer and accepted the position on March 12, 2022. (*Id.*) Plaintiff contends her interview on March 10, 2022, was "a sham." (*Id.*) Plaintiff also alleges she had seven more years of relevant experience than Ms. Row and a doctoral degree, while Ms. Row only had a master's degree. (*Id.*) At some point, Plaintiff apparently filed an internal complaint alleging Defendant did not follow proper procedure and engaged in discriminatory hiring practices. (*Id.*) Plaintiff alleges that Defendant has not hired a woman of color to any executive role, such as the position at issue, in over six years, despite many qualified applicants such as herself. (*Id.* at 7.) According to Plaintiff, any legitimate rationale for not hiring Plaintiff was merely pretextual and the decision was motivated by race or informed by racial stereotyping. (*Id.*)

### B. Procedural Background

Plaintiff alleges the following causes of action in her complaint:

- race discrimination under Title VII;
- race discrimination under 42 U.S.C. §1981;
- unlawful retaliation under Title VII; and
- state law claims for race discrimination and retaliation under the Texas Labor Code.

(Doc. #1 at 1, 3-10.) In its Motion for Partial Dismissal, Defendant argues it is entitled to dismissal for failure to state a claim under Rule 12(b)(6) for any race discrimination claim under

42 U.S.C. §1981, Title VII[1] or the Texas Labor Code. (Doc. #3.) If Defendant's motion were granted Plaintiff's retaliation claims would remain.

Plaintiff filed a timely response. The partes thereafter filed replies and sur-replies and this matter is now ripe for review.

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge,* 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "While

---

[1] In a footnote, Defendant states that it is unclear whether Plaintiff asserts a claim under Title VII. As Plaintiff's original complaint, pages 3 to 8, outlines a claim under the heading "Race Discrimination Under Title VII," it is clear to the undersigned that Plaintiff asserts a Title VII claim.

legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

### III. Discussion

#### A. Section 1981

Defendant asserts, and Plaintiff concedes, that she cannot properly assert a claim under §1981 against a public employer, such as Defendant: "under current precedent, the Court should dismiss the Section 1981 claim against AC as the named defendant." (Doc. #5 at 5.) Plaintiff also states she will amend her complaint to add a properly pled §1981 claim against Dr. Simon following the entry of the scheduling order.

The parties' recitation of case law regarding the proper defendant in a §1981 race discrimination claim in the public employment context is correct—there is no private cause of action against a governmental entity; therefore, the proper defendant must be the individual decisionmaker. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989); *Moore v. Univ. Miss. Med. Ctr.*, 719 F. App'x 381, 388 (5th Cir. 2018). As Plaintiff's claim for race discrimination under §1981 is asserted against Defendant Angelina College, this claim should be dismissed under Rule 12(b)(6) with prejudice.

#### B. Race Discrimination under Title VII

To plead a race discrimination claim under Title VII, Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) other similarly situated employees were treated more favorably. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (citing *Okoye v. Univ. of Tex. Houston*

*Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001)). At the 12(b)(6) stage, a plaintiff's well-pleaded facts are taken as true, and she must allege facts, either direct or circumstantial, that suggest the employer's actions were based on race. *Cicalese v. University of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (reversing a 12(b)(6) dismissal where district court faulted plaintiffs for not specifically alleging that employers' actions were taken *because of* their national origin) (emphasis in original). A plaintiff meets the Rule 12(b)(6) test when she plausibly alleges facts going to the ultimate elements of the claim. *Id.* at 768. It is axiomatic that at the 12(b)(6) stage, a plaintiff is under no obligation to come forward with evidence. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009) (finding that in reviewing the sufficiency of a complaint the question is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support its claim and that summary judgment is the proper stage at which to weed out unmeritorious claims).

  Here, Plaintiff states in her Complaint that she is African American (doc. #1, ¶4); that she was not selected for a position based on, among other things, her race (doc. #1, ¶42); that the person ultimately selected was white (doc. #1, ¶42, ¶46); and that Plaintiff was more qualified for the position (doc. #1, ¶39, ¶42). She also states that Defendant has not hired a woman of color for an executive position in over 6 years. (Doc. #1, ¶41.) Plaintiff is not required to prove her case at the motion to dismiss stage, but instead, must plead "factual content, that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, the undersigned finds that Plaintiff's factual allegations are sufficient to satisfy the elements of her discrimination claim. Defendant's Motion to Dismiss (doc. #3) as to Plaintiff's Title VII discrimination claim should be denied.

C. <u>Race discrimination under Chapter 21 of Texas Labor Code</u>

Plaintiff's claim for race discrimination under Chapter 21 is reviewed under the same standards as her federal Title VII claims. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d. 212, 221, n.10 (5th Cir. 2001). For the same reasons the undersigned concluded that Plaintiff has successfully stated a claim for racial discrimination under Title VII, she has likewise stated a claim pursuant to Chapter 21 of the Texas Labor Code. Therefore, the Motion to Dismiss this claim should be denied.

D. <u>Plaintiff's request for leave to amend</u>

Plaintiff requests leave to amend if the court determines there to be pleading deficiencies. As the undersigned only found the claim under §1981 to be deficient, the undersigned addresses Plaintiff's request for leave only as to that claim. As noted *supra*, Plaintiff cannot assert a §1981 claim against this Defendant under current precedent; therefore leave to amend the §1981 claim against Defendant would be futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).

Plaintiff states in her response that she will amend her Complaint to assert a §1981 claim against Dr. Simon once the scheduling order was entered. (Doc. #5 at 5.) The court entered a scheduling order on November 30, 2023. (Doc. #12.) The Order provided for a January 10, 2024, deadline to add parties and a February 21, 2024, deadline to amend pleadings. Plaintiff has never amended her complaint to add Dr. Simon and the time to do so has passed. Plaintiff's request for leave to amend should be denied.

IV. **Conclusion**

Plaintiff cannot allege a §1981 claim of discrimination against a public employer such as Defendant. As a result, Plaintiff's claim under §1981 should be dismissed with prejudice. The

undersigned concludes that Plaintiff has stated plausible claims of race discrimination under both Title VII and Texas Labor Code. Those claims should not be dismissed. Defendant did not move to dismiss Plaintiff's retaliation claims in its motion; they are, therefore, unaffected by this Report and Recommendation.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss (doc. #3) be **GRANTED in part** and **DENIED in part.** Defendant's Motion should be **GRANTED** as to Plaintiff's claims under §1981 and those claims should be **DISMISSED** with prejudice. Defendant's Motion should be **DENIED** as to Plaintiff's claims for race discrimination under Title VII and the Texas Labor Code. Plaintiff's request for leave to amend should be **DENIED**.

## VI. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, **objections are limited to eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that

such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 13th day of August, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE